

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,954-01 & WR-92,954-02

### EX PARTE CLARENCE BENARD GARNER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 2019-0400-A & 2019-0401-A IN THE 217TH DISTRICT COURT FROM ANGELINA COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty and was convicted of delivery of marijuana in two cause numbers and sentenced to fifteen months' state jail imprisonment in one and five years' imprisonment in the other. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that plea was involuntary because he did not understand that he was facing five years' flat time imprisonment due to the drug free zone finding in one of his cases. He states that he believed he was pleading guilty to identical delivery of marijuana offenses and if he knew he was going to have to serve five years in prison, he would have gone to a jury trial. Applicant has alleged facts that, if true, might entitle to relief. *Brady v. United States*, 397 U.S. 742

(1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. Tex. Code Crim. Proc. art. 11.07, § 3(d).

Under Article 11.07 of the Texas Code of Criminal Procedure, a district clerk is required to forward to this Court, among other things, "the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact." *Id*. at § 3(d); *see also* Tex. R. App. P. 73.4(b)(4). The record forwarded to this Court appears, however, to be incomplete. According to the judgments, Applicant pleaded guilty under a plea agreement. The writ records contain no documents relating to his guilty pleas. On August 3, 2021, this Court issued an order to the Angelina district clerk ordering the supplementation of the record with plea documents. The clerk never responded to that order.

The trial court shall order trial counsel to respond to Applicant's claim. The trial court shall also ensure that the habeas record is supplemented with the plea papers for both cause numbers. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* Tex. Code Crim. Proc. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 20, 2022
Do not publish